**WO**

1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                      FOR THE DISTRICT OF ARIZONA

8

9   United States ex rel. Mary A. Cafasso,    )   No. CV 06-01381 PHX NWW
                                               )
10              Plaintiff-Relator,             )   **ORDER**
                                               )
11  vs.                                        )
                                               )
12                                             )
    General Dynamics C4 Systems, Inc.,         )
13                                             )
                Defendant.                     )
14                                             )
    _____       )
15                                             )
                                               )
16  General Dynamics C4 Systems, Inc.,         )
                                               )
17              Counterclaimant,               )
                                               )
18  vs.                                        )
                                               )
19  Mary A. Cafasso,                           )
                                               )
20              Counterdefendant.              )
    _____       )
21                                             )

22          Before the Court is Relator's Motion to Stay November 4, 2009 Order Pending

23  Appeal (doc. # 423) and Relator's Motion to Waive Rule 62(d) Bond Requirement and

24  Grant Stay of Judgment Pending Appeal (doc. # 425).

25  **I.      Background**

26          Relator Mary Cafasso brought suit in this Court against her former employer

27  General Dynamics C4 Systems, Inc. ("GDC4S") after GDC4S brought suit against her in

28  state court alleging breach of contract and other claims for her taking of numerous

business records.  Cafasso's complaint included two claims under the False Claims Act, 31 U.S.C. § 3730:  (1) a *qui tam* claim that GDC4S made false claims, and (2) a retaliation claim that GDC4S had fired Cafasso in response to protected activities.  The state court claims were voluntarily dismissed and reasserted as counterclaims in the federal case.  Judgment was entered in favor of GDC4S on the breach of contract action, the *qui tam* action, and the retaliation action, and permanent injunctive relief was entered on GDC4S's contract action requiring Cafasso to return GDC4S's business records.

Subsequently, GDC4S sought award of attorneys' fees under Arizona contract law and the Court's statutory and inherent sanctioning powers.  GDC4S requested $1,593,095.75 as sanctions against Cafasso and her lawyers:  $91,930.50 for misuse of the federal action in state court; $1,143,004.25 for prosecution of the *qui tam* claim; and $358,161.00 for prosecution of the retaliation claim.  GDC4S moved for an award of attorneys' fees against Cafasso also under A.R.S. § 12-341.01(A) in the amount of $575,415.00, which included  $91,930.50 of the sanctions request.  The Court awarded attorneys' fees against Cafasso under A.R.S. § 12-341.01(A) in the amount of $300,000.00 and denied GDC4S's request for award under the Court's statutory and inherent sanctioning powers.  In exercising its discretion to set the amount of the award, the Court expressly considered the possibility that an award in the amount of $575,415.00 would cause extreme hardship on Cafasso, a contention barely supported with Cafasso's general assertions and no specific information regarding her financial condition.  On November 4, 2009, judgment was entered in favor of GDC4S and against Cafasso in the amount of $300,000.00.  Cafasso now seeks to stay execution on the November 4, 2009 judgment pending appeal.

**II.    Analysis**

**A.    Relator's Motion to Stay November 4, 2009 Order Pending Appeal**

"Cafasso moves the Court pursuant to Fed. R. Civ. P. 62(c) and 62 (e) and Fed. R. App. P. 8(a)(1) to stay the enforcement of its Order awarding attorneys' fees and costs [Dkt. 419] until the Ninth Circuit has ruled on her appeal."  (Doc. 423 at 2.)  However,

neither subsection of Rule 62 applies here where Cafasso, not the United States, is seeking to stay execution of a money judgment, not an injunction, pending her appeal. *See* Fed. R. Civ. P. 62(c) (a court may "suspend, modify, restore, or grant an injunction" when "an appeal is pending from an interlocutory order or final judgment that grants, dissolves, or denies an injunction"); Fed. R. Civ. P. 62(e) (applies only when the United States or federal agency or department seeks a stay pending its appeal). And Fed. R. App. P. 8(a)(1) merely requires a party to move first in the district court for a stay of judgment pending appeal before seeking a stay in the court of appeals.

Fed. R. Civ. P. 62(d) provides that if an appeal is taken, the appellant may, as a matter of right, obtain a stay by supersedeas bond and the stay takes effect when the court approves the bond. But Cafasso seeks a stay of execution of the judgment pending appeal without a supersedeas bond or equivalent form of security. Therefore, it is not necessary to weigh factors to be considered for granting relief under Rule 62(c). It is only necessary to decide whether the Rule 62(d) bond requirement should be waived and, if so, what alternate form of security is required to protect GDC4S's judgment during the appeal.

## B. Relator's Motion to Waive Rule 62(d) Bond Requirement and Grant Stay of Judgment Pending Appeal

Cafasso requests that the Court waive any bond requirement and stay execution pending appeal without providing GDC4S any form of security. Alternatively, she suggests the Court enjoin dissipation of Cafasso's retirement funds. It is undisputed that a district court may permit security to guarantee the judgment in a form different from a bond, *Int'l Telemeter v. Hamlin Int'l Co.*, 754 F.2d 1492, 1495 (9th Cir. 1985), but Cafasso has not established that enjoining dissipation of her retirement funds will guarantee GDC4S's judgment.

The purpose of a supersedeas bond is to secure the appellees from a loss resulting from a stay of execution, and a full supersedeas bond usually should be required. *Rachel v. Banana Republic, Inc.*, 831 F.2d 1503, 1505 n.1 (9th Cir. 1987). The District of

Columbia Circuit explained that, even in unusual circumstances, the district court must avoid undue risk to the judgment creditor's interest in ultimate recovery:

> Because the stay operates for the appellant's benefit and deprives the appellee of the immediate benefits of his judgment, a full supersedeas bond should be the requirement in normal circumstances, such as where there is some reasonable likelihood of the judgment debtor's inability or unwillingness to satisfy the judgment in full upon ultimate disposition of the case and where posting adequate security is practicable. In unusual circumstances, however, the district court in its discretion may order partially secured or unsecured stays if they do not unduly endanger the judgment creditor's interest in ultimate recovery.

*Federal Prescription Serv., Inc. v. American Pharmaceutical Ass'n*, 636 F.2d 755, 760 (D.C. Cir. 1980) (footnotes omitted).

In unusual circumstances, some circuits have approved stays of execution without security in the full amount of the judgment. To determine whether a city should be required to post a bond, the Seventh Circuit directed consideration of the following criteria:

> (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position.

*Dillon v. City of Chicago*, 866 F.2d 902, 904-05 (7th Cir. 1989) (internal quotation marks and citations omitted).

In *Dillon*, the Seventh Circuit concluded the City of Chicago should not be required to post a bond or alternate security where the City submitted affidavits outlining the process for paying the judgments in less than thirty days and showing that the judgments of approximately $170,000 were guaranteed to be paid from a previously appropriated fund of $484 million. *Dillon*, 866 F.2d 902 at 905. In *Federal Prescription*, the District of Columbia Circuit affirmed an unsecured stay of execution where both parties appealed from the judgment, the damage award was $102,000 and the documented

- 4 -

net worth of the judgment debtor was $4.8 million, the judgment debtor was a long-time resident of the District of Columbia, and there was no indication it had any intent to leave. *Federal Prescription*, 636 F.2d at 761. Unusual circumstances such as those in *Dillon* and *Federal Prescription* do not exist here.

Cafasso has not shown that consideration of the *Dillon* criteria favors granting a stay without bond. First, Cafasso implies that her only assets from which the judgment could be paid are her house, which has an undetermined, but relatively small, amount of equity, and her IRA and 401(k) accounts with a total estimated value of $253,604 before taxes and early withdrawal penalties. She does not offer to willingly surrender these assets if she loses the appeal, and she does not explain how collecting a judgment of $300,000 from these sources will be simple. Second, the Court cannot be confident that Cafasso has funds available to pay the judgment because she says she does not have funds available to pay the judgment. Third, her ability to pay the judgment is not so plain that the cost of a bond would be a waste of money.

Fourth, the precariousness of her financial position and whether a bond requirement would place other creditors in an insecure position is not evident in the materials Cafasso has submitted in support of her motions. For example, she states that she "will be unable to wait until the appeal is concluded to decide whether to file for bankruptcy, sell her home (or, more likely, lose her home to foreclosure), or make other major financial decisions that will negatively affect her and her present creditors." (Doc. # 425 at 5.) Then, in the following paragraph, she states that "granting Relator a waiver would forestall any bankruptcy, protect current creditors, and potentially put GDC4S in a better position to be paid if it prevails in Relator's appeal." (*Id.*) Cafasso also failed to provide evidentiary support for the following reasoning: "Without the bond requirement, it is unlikely that Relator's ability to pay the monetary judgment will be greatly affected by the delay; if anything, because she is not able to pay it presently, it creates the opportunity that she might be able to pay it upon conclusion of the appeal." (*Id.*) In other words, Cafasso says that she does not have funds available to pay the judgment now or to

obtain a supersedeas bond, she does not anticipate receiving any income or other funds during the appeal, and she likely will not be able to pay the judgment after the appeal.

In *Miami International Realty Co. v. Paynter*, 807 F.2d 871, 874 (10th Cir. 1986), the Tenth Circuit affirmed a partially secured stay. There, the district court stayed execution of a $2.1 million judgment against a lawyer and his firm upon the malpractice insurance carrier escrowing $500,000, the full amount of the malpractice insurance coverage, in an interest bearing account. The judgment debtor's motion for stay was supported by an affidavit stating that he did not have sufficient assets to post a supersedeas bond for $1.6 million dollars above his malpractice insurance coverage of $500,000 and that execution of the judgment would cause him irreparable harm and place him in insolvency. The district court permitted the judgment creditor further post-judgment discovery to determine whether, in fact, the judgment debtor was unable to post a full bond and execution on the judgment would place him in insolvency. The appellate court expressly considered that the judgment creditor did not contradict the judgment debtor's evidence that he was financially unable to post a full bond and that execution on the judgment would place him in insolvency. *Id.*

Here, Cafasso has provided no evidence of her ability to obtain a bond or provide alternate security for the judgment. As an alternative to waiving security entirely, she proposes that the Court enjoin her from dissipating her retirement funds, but she has not offered a specific means of protecting GDC4S's interest in ultimate recovery if a partially secured or unsecured stay is granted. In the meantime Cafasso is living on credit but does not explain how expanding her debt while GDC4S is delayed could leave it in as good a position later as it would have as a diligent creditor now.

Finding no Ninth Circuit authority rejecting a partially secured stay in unusual circumstances, the Court would consider a motion for stay of execution that satisfied criteria established in the out-of-Circuit authority. But even under the rare circumstances of the out-of-Circuit authority, Cafasso must provide GDC4S with full disclosure of all assets, including those held by business entities whether or not she is receiving income

from them now, that may ultimately be determined to be subject to collection efforts. Further, she must demonstrate objectively that execution on the judgment while the appeal is pending would cause irreparable damage, posting a full bond or other security is impossible or impractical, and partial or alternate security will provide "as adequate as possible" security for GDC4S. *See Miami Int'l*, 807 F.2d at 873-74. She must explain why bankruptcy is inadequate to protect her from execution while also protecting all creditors by her duty to disclose and account to the court for all assets. She has no business activity that would be impaired by operating in bankruptcy. Unless and until Cafasso does so to the satisfaction of the Court, GDC4S has been and is entitled to execute on its judgment and to pursue discovery of her assets.

IT IS THEREFORE ORDERED that Relator's Motion to Stay November 4, 2009 Order Pending Appeal (doc. # 423) and Relator's Motion to Waive Rule 62(d) Bond Requirement and Grant Stay of Judgment Pending Appeal (doc. # 425) are denied.

DATED this 29th day of January, 2010.

_____
Neil V. Wake
United States District Judge