**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States ex rel. Mary A. Cafasso,<br><br>Plaintiff-Relator,<br><br>vs.<br><br>General Dynamics C4 Systems, Inc.,<br><br>Defendant.<br>_____<br><br>General Dynamics C4 Systems, Inc.,<br><br>Counterclaimant,<br><br>vs.<br><br>Mary A. Cafasso,<br><br>Counterdefendant.<br>_____ | No. CV-06-01381 PHX NVW<br><br>**ORDER**<br><br>[Not for Publication] |

Before the Court is Defendant-Counterclaimant-Appellee's Request for Attorneys' Fees, filed as docket entry 75-1, in No. 09-16181, United States Court of Appeals for the Ninth Circuit, and transferred to this Court for consideration. (Doc. 442.)

**I. Background**

The underlying facts and procedural history of this case before appeal are summarized at Doc. 419. Defendant-Counterclaimant-Appellee General Dynamics C4 Systems, Inc. ("GDC4S") obtained judgment on the pleadings on Plaintiff-

1 Counterdefendant-Appellant Mary A. Cafasso's qui tam claim and obtained summary
2 judgment on her retaliation and state law contract claims.  On Cafasso's appeal, the
3 dismissal of her qui tam claim, denial of leave to further amend, summary judgment on
4 her False Claims Act retaliation claim, summary judgment on GDC4S's contract claim,
5 and award of attorney fees on GDC4S's successful contract claim were affirmed.
6 *Cafasso v. General Dynamics C4 Systems, Inc.*, 637 F.3d 1047 (9th Cir. 2011).  On
7 GDC4S's motion, consideration of its application for attorney fees on appeal was
8 transferred to this Court.  (Doc. 442.)  GDC4S seeks award of attorneys' fees incurred
9 defending the summary judgment on GDC4S's contract claim and related fee award on
10 appeal.

11 **II.    Legal Standard**

12 A.R.S. § 12-341.01(A) provides, "In any contested action arising out of a contract,
13 express or implied, the court may award the successful party reasonable attorney fees."
14 An award of reasonable attorney fees under § 12-341.01(A) "should be made to mitigate
15 the burden of the expense of litigation to establish a just claim or a just defense."  A.R.S.
16 § 12-341.01(B).  "It need not equal or relate to the attorney fees actually paid or
17 contracted, but the award may not exceed the amount paid or agreed to be paid." *Id.*

18 To determine whether to award fees, the Court considers the factors governing
19 awards under the statute, including the merits of Cafasso's defense, GDC4S's success in
20 obtaining the relief sought, the avoidable expense incurred, the possibility that the award
21 will cause "extreme hardship," any chilling effect the award might have on other parties
22 with tenable claims or defenses, and the novelty of the legal questions presented. *See*
23 *Associated Indem. Corp. v. Warner*, 143 Ariz. 567, 570, 694 P.2d 1181, 1184 (1995).

24 **III.   Analysis**

25 **A.    A.R.S. § 12-341.01(A) Factors Favor an Award of Fees to GDC4S.**

26 Determining whether to award fees incurred on appeal under A.R.S.
27 § 12-341.01(A) requires the same analysis as did the determination regarding award of
28 fees incurred below.  It is not necessary to restate that analysis here.  (*See* Doc. 419.)

1   On appeal, GDC4S prevailed in every respect, including on challenges to the
2   summary judgment on its contract claim and the award of fees arising out of contract.
3   The Court of Appeals affirmed summary judgment on GDC4S's contract claim with
4   strong language:

> Although we see some merit in the public policy exception that Cafasso proposes, we need not decide whether to adopt it here. Even were we to adopt such an exception, it would not cover Cafasso's conduct given her vast and indiscriminate appropriation of GDC4S files. . . .
>
> Were we to adopt a public policy exception to confidentiality agreements to protect relators—a matter we reserve for another day—those asserting its protection would need to justify why removal of the documents was reasonably necessary to pursue an FCA claim. Cafasso has made no such particularized showing. The need to facilitate valid claims does not justify the wholesale stripping of a company's confidential documents. Although courts perhaps should consider in particular instances for particular documents whether confidentiality policies must give way to the needs of FCA litigation for the public's interest, Cafasso's grabbing of tens of thousands of documents here is overbroad and unreasonable, and cannot be sustained by reference to a public policy exception. We affirm the district court's grant of summary judgment on GDC4S's contract claim.

637 F.3d at 1062.

Regarding a potential chilling effect of the fee award, the Court of Appeals seriously considered "Cafasso's concern that awarding fees against a qui tam claimant may chill prospective relators from exposing frauds on the government," but cautioned that "relators and their attorneys are not free to engage in misconduct without consequences merely because those consequences might chill others." 637 F.3d at 1062-63. The Court of Appeals further explained that "the awarded fees cover GDC4S's successful contract claim, not Cafasso's FCA claim," and it was "confident that future litigants will appreciate the difference." *Id.* at 1063. The Court of Appeals' reasoning applies equally to the award of fees incurred on appeal.

Cafasso contends that the previous $300,000 fee award "will likely bankrupt her" and that "the Court should decline to pile on to Relator's burden." However, regardless of whether GDC4S will be able to collect any or all of the fees awarded, there is no justification for permitting Cafasso to prolong this litigation without consequences. Cafasso chose to pursue the appeal with full knowledge of its risks.

### B. The Amount Requested Fairly Represents Fees Arising Out of Contract.

Cafasso does not object to any specific expense item in GDC4S's fee request, but instead objects to GDC4S's apportionment of fees. However, GDC4S seeks only reimbursement of the following fees earned by its primary counsel of Steptoe & Johnson LLP:

- 100% of fees incurred on tasks exclusively related to the appeal of GDC4S's contract claim and the fee award;
- 50% of fees incurred related to the Taxpayers Against Fraud amicus brief because approximately half of the brief related to the contract claim; and
- 16.7% of fees incurred related to the appeal as a whole because approximately one-sixth of GDC4S's Answering Brief related to the contract claim and the fee award.

GDC4S has excluded from its request the following fees:

- fees incurred before receiving Cafasso's Opening Brief, including those related to Cafasso's multiple Notices of Appeal, her Motion to Consolidate, her failure to post a bond, her motions to file overlength briefs, scheduling and docketing issues, and participating in Ninth Circuit mediation assessment conferences;
- fees incurred related to its fee request;
- fees earned by three associate attorneys and two paralegals; and
- fees earned by co-counsel from Jenner & Block LLP.

Thus, the amount GDC4S requests, $64,849.50, includes a significant reduction from the amount of fees that the Court has discretion to award under A.R.S. § 12-341.01(A). This reduction more than adequately compensates Cafasso for any extreme hardship.[1]

---

[1] Cafasso has not filed in this Court any evidence of her current financial status.

- 4 -

1    IT IS THEREFORE ORDERED that Defendant-Counterclaimant-Appellee's Request for Attorneys' Fees, filed as docket entry 75-1, in No. 09-16181, United States Court of Appeals for the Ninth Circuit, and transferred to this Court (Doc. 442) is granted under A.R.S. § 12-341.01(A) in the amount of $64,849.50.

IT IS FURTHER ORDERED that the Clerk enter judgment in favor of General Dynamics C4 Systems, Inc., against Mary A. Cafasso in the amount of $64,849.50 for attorney fees pursuant to A.R.S. § 12-341.01(A).

DATED this 21st day of June, 2011.

_____
Neil V. Wake
United States District Judge